

FILED
In Open Court
USDC, Mass.
Date 10/8/09
By
Deputy Clerk



**U.S. Department of Justice**
*Michael K. Loucks*
*Acting United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 28, 2009

Charles McGinty, Esq.
Office of the Federal Defender
51 Sleeper Street
Fifth Floor
Boston, MA 02210

      Re:  United States v. Moses Caldwell
           <u>Criminal No. 09-10020-WGY</u>

Dear Attorney McGinty:

    This letter sets forth the Agreement between the Acting United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Moses Caldwell ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.   <u>Change of Plea</u>

    On or about October 5, 2009, or as soon as thereafter as the Court may schedule, Defendant shall plead guilty to the above-mentioned four-count indictment charging him with bank robbery in violation of 18 U.S.C. §2113(a). Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in the indictment, and is in fact guilty of those offenses.

    2.   <u>Penalties</u>

    Defendant faces the following maximum penalties on each count of the indictment: 20 years in prison, three years of supervised release, $250,000 fine, and a $100 mandatory special assessment.

    3.   <u>Fed. R. Crim. P. 11(c)1(C)Plea</u>

    This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's plea will be tendered pursuant to that provision. In accordance with Fed. R. Crim. P. 11(c)(1)(C),

if the District Court ("Court") accepts this plea agreement, the Court must include the agreed disposition in the judgement. If the Court rejects any aspect of this plea agreement, the Government may deem the Agreement null and void. Defendant expressly understands that he may not withdraw his plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. <u>Sentencing Guidelines</u>

The parties agree to jointly take the following positions at sentencing under the United states Sentencing Guidelines:

(a) U.S.S.G. §2B3.1 is the applicable guideline sentencing provision and establishes a base level at 20.

(b) U.S.S.G. §2B3.1(b)(1) increases the base level 2 additional levels because the property taken was from a financial institution.

(c) U.S.S.G. §3D1.4 increases the base level 3 additional levels because of the additional number of financial institutions involved.

The United States Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time.

The U.S. Attorney may, at his sole option, be released from his commitments under this Agreement, including but not limited to, his agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. §1B1.3;

(d) Fails to provide truthful information about his financial status;

2

- (e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. §1B1.3;

- (f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. §3C1.1;

- (g) Commits a crime;

- (h) Transfers any asset protected under any provision of this Agreement; and/or

- (I) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

5. Agreed Disposition

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is a reasonable and appropriate disposition of this case:

- (a) Incarceration or other confinement of **48** months.

- (b) Fine within the applicable guideline range unless the court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

- (c) Supervised release for a period of three years, which includes any conditions specified in 18 U.S.C. §3583(d) and/or U.S.S.G. §5D1.3 and other additional conditions that the parties may advocate or that the Court in its discretion may impose. The U.S. Attorney reserves the right to advocate for any special conditions (including, without limitation, conditions involving curfews, educational and vocation training);

- (d) Mandatory special assessment of $400; and

- (e) Restitution in the amount of $7144.00 to the financial institutions named in the indictment.

3

The U.S. Attorney and Defendant also agree that, except as necessary for the Court to impose a sentence in accordance with the agreed-upon disposition set forth herein, there is no basis for a departure or deviation under the factors set forth in 18 U.S.C. § 3553(a) from the sentencing range established by the United States Sentencing Guidelines.

6. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

7. Waiver of Right to Appeal and to Bring Other Challenge

    (a) Defendant has conferred with his attorney and understands that he has the right to challenge his conviction(s) in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that he may, in some circumstances, be able to challenge his conviction(s) in a future proceeding (such as, for example, in a collateral challenge pursuant to 28 U.S.C. §2255 or 28 U.S.C. §2241). Defendant waives any right he has to challenge his conviction on direct appeal or in any future proceeding.

    (b) Defendant has conferred with his attorney and understands that defendants ordinarily have a right to appeal their sentences and may sometimes challenge their sentences in future proceedings. Defendant understands, however, that once the Court accepts this Rule 11(c)(1)(C) plea agreement, the Court is bound by the parties' agreed-upon sentence. Defendant may not contest the agreed-upon sentence in an appeal or challenge the sentence in a future proceeding in federal court. Similarly, the Court has no authority to modify an agreed-upon sentence under 18 U.S.C. §3582(c), even if the Sentencing Guidelines are later modified in a way that appears favorable to Defendant. Likewise, Defendant agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that existed at the time of Defendant's original sentencing. Given that a defendant who agrees to

4

    a specific sentence cannot later challenge it, and also because Defendant desires to obtain the benefits of this Agreement, Defendant agrees that he will not challenge the sentence imposed in an appeal or other future proceeding. Defendant also agrees that he will not seek to challenge the sentence in an appeal or future proceeding even if the Court rejects one or more positions advocated by any party at sentencing.

  (c) The U.S. Attorney agrees that he will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by a party at sentencing.

8. <u>Other Post-sentence Events</u>

  (a) In the event that Defendant appeals or collaterally challenges his sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the district court.

  (b) In the event that Defendant seeks re-sentencing, he agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of Defendant's original sentencing. Thus, for example, Defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing, unless it is determined that he is actually innocent.

  (c) In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this agreement.

8. <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are

not binding upon the United States Probation Office. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

9. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

10. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph 1 of this Agreement.

11. Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement (including the commitment contained in paragraphs 1 and 5 regarding the appropriate disposition of the case), has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, except as expressly disclaimed in paragraph 3(g), above, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach

right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13. **Who Is Bound By Agreement**

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. **Complete Agreement**

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Kenneth G. Shine.

        Very truly yours,

        MICHAEL K. LOUCKS
        Acting United States Attorney

        By: _____
        JAMES F. LANG, Deputy Chief
        Criminal Bureau

7

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which I have agreed to plead guilty, the maximum penalty for that offense and Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty and I believe this Agreement is in my best interest.

Moses Caldwell
Defendant

Date: October, 2009

I certify that Moses Caldwell has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

CHARLES MCGINTY, ESQ.
Attorney for Defendant

Date: October 7, 2009

8